## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| GWEN LEE KEOUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-0646 |
| ) | |
| DEBORAH HICKEY,[1] ) | |
| Warden, FPC-Alderson, ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On August 11, 2005, Petitioner, an inmate formerly incarcerated at FPC Alderson[2] and acting *pro se,* filed her Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[3] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACT AND PROCEDURE

On December 28, 2000, Petitioner pled guilty in the United States District Court for the Northern District of Iowa to one count of Conspiracy to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846, and two counts of Manufacturing

---

[1] Deborah Hickey is no longer the Warden of FPC Alderson. Amber Nelson is.

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently at Kansas City CCM and has a projected release date of January 18, 2009.

[3] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Methamphetamine in violation of 21 U.S.C. § 841(a)(1). United States v. Keough, Criminal No. 3:00-cr-03022 (N.D. Iowa, April 17, 2001.) On April 17, 2001, the District Court sentenced Petitioner to a 121-month term of imprisonment. (Id., Document No. 98.) Petitioner did not appeal her conviction or sentence to the Eighth Circuit Court of Appeals.

On June 8, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in the United States District Court for the Northern District of Iowa. (Id., Document No. 120.) Petitioner challenged her sentence based upon Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, Petitioner's Motion alleged that her sentence was improperly enhanced based upon facts neither admitted by Petitioner nor found by the jury. The District Court dismissed Petitioner's Section 2255 Motion on February 7, 2006, concluding that Booker did not apply retroactively to her sentencing. (Id., Document No. 121.)

On August 11, 2005, Petitioner filed the instant Application again alleging that her sentence was improperly enhanced. (Document No. 1.) Petitioner claims that the United States District Court for the Northern District of Iowa violated the Double Jeopardy Clause by enhancing her sentence based upon prior convictions for which she had already been punished. (Id., p. 8.) Specifically, Petitioner states as follows (Id., p. 7.):

> I was sentenced under Category II which compensates for the previous conviction of 4th Degree Theft on 4/1/95 in which I served 8 days, paid a $250.00 fine and successfully completed 2 years probation. I ask that the Courts remove the 1 point enhancement I also received for this prior conviction.
>
> I was sentenced as stated in (a) under Category II, which compensates for the previous conviction of Possession of Methamphetamine one 6/12/96 in which I served 8 days, paid a $250.00 fine and completed 2 years probation. I ask the Courts to remove the 1 point enhancement I also received for this prior conviction.

> As stated in (a) and (b) I was sentenced under Category II to compensate for prior convictions. Again, I was given a 1 point enhancement for a prior conviction that is covered under Category II sentence. This enhancement was for a Possession of Methamphetamine conviction on 4/14/99 in which I served 2 days and paid a $250.00 fine. I ask the Court to remove this enhancement.

## **DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).[4] The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

---

[4] As a general matter, issues arising out of the allegedly unlawful or incorrect computation of an inmate's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241.

The undersigned finds that Petitioner's claims challenging her sentencing enhancement are properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Northern District of Iowa. Therefore, Petitioner's Application must be considered as a Motion to Vacate, Set Aside or Correct her sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Iowa. Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. The undersigned notes that Petitioner appears to be alleging an intervening change in law. Specifically, Petitioner argues that "[n]one of the above grounds were previously presented because it is my understanding that only recently have the Courts recognized these type of 'double jeopardy' enhancements as unconstitutional." (Case No. 1:05-0646, Document No. 1, p. 8.) Petitioner's claim, however, is without merit. The Eighth Circuit has specifically rejected the above argument by holding that the use of prior convictions to enhance a defendant's sentence does not violate the Double Jeopardy Clause. See United States v. Thomas, 930 F.2d 12, 14 (8th Cir. 1991). Therefore, Petitioner has failed

to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Application, and her Section 2241 Application challenging the enhancement of her sentence should be dismissed.

Finally, the undersigned notes that, construed as a Section 2255 Application, Petitioner's August, 2005, Section 2241 Application in this case is successive in view of her June, 2005, Section 2255 Application in the United States District Court for the Northern District of Iowa.[5] Without the certification of the appropriate Circuit Court of Appeals, Petitioner's Application may not be considered. It further appears to have been filed well after one year after her April, 2001, conviction and sentence became final.[6] Petitioner is barred by application of the Section 2255 period of limitations

---

[5] In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which, among other things, established procedural requirements for the filing of second or successive Section 2255 motions. Section 2255 requires by reference to 28 U.S.C. § 2244 that a person seeking to file a second or successive first receive permission to do so from the appropriate Circuit Court of Appeals. The Court of Appeals may authorize the filing of a second or successive Section 2255 motion if the motion is based upon "(1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255 and 2244(b)(2)(A).

[6] Since Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 has contained a one year limitation period as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

from proceeding upon her claims herein. The undersigned concludes in view of these circumstances that the issues raised in this matter are not sufficiently meritorious and Petitioner would in any event be procedurally barred if this case were transferred to the United States District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1631. <u>See</u> <u>Wilson v. Williamson</u>, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding). Transfer of this matter there is not in order. Rather, this matter should be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings

---

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se* at her current address as the undersigned has learned it from the Bureau of Prisons:

>Ms. Gwen Lee Keough, No. 02114-029
>Beje Clarke Residential Facility
>Post Office Box 1226
>Mason City, Iowa 50402.

Date: July 21, 2008.

R. Clarke VanDervort
United States Magistrate Judge